UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT MENDES BARBOSA, <br><br> Petitioner, <br><br> v. <br><br> DAVID WESLING, Director of United States Immigration and Customs Enforcement Boston Field Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the United States Department of Homeland Security; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, Attorney General of the United States; and BRIAN ENGLISH, Warden of Miami Correctional Facility, <br><br> Respondents. | CAUSE NO. 3:26cv18 DRL-SJF |

OPINION AND ORDER

Immigration detainee Robert Mendes Barbosa, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained in violation of the laws or Constitution of the United States. For the following reasons, the court grants the petition.

Mr. Mendes Barbosa is citizen of Brazil. The parties agree that he entered the United States at its southern border in 2024 and was detained at the San Diego Processing Facility. The parties also agree that he was later released on his own recognizance. In early January 2026, he was taken into custody by United States Immigration and Customs Enforcement

(ICE) agents in Boston. He was subsequently transferred to Miami Correctional Facility, where he is being held pending removal proceedings. He argues that his detention violates applicable statutes, the Fifth Amendment's Due Process Clause, and the Administrative Procedures Act, 5 U.S.C. § 702 *et seq.* He seeks immediate release from custody or alternatively an individualized bond hearing.

In an order to show cause, the court directed the respondents to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25cv898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined a large majority of courts in concluding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are not otherwise "seeking admission" within the statute's meaning. The parties were permitted to preserve prior arguments about jurisdiction and statutory construction, though these issues had been decided before. They were instructed to focus briefing on what was different or new and those issues particular to this petitioner. The respondents answered the petition, and Mr. Mendes Barbosa filed a reply.

As a preliminary matter, Mr. Mendes Barbosa was ordered to show cause why every respondent but the Miami Correctional Facility Warden—the only respondent who exercises "day-to-day control" over him—should not be dismissed under *Kholyavskiy v. Achim*, 443 F.3d 946, 952 (7th Cir. 2006). Relying on *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), the court of appeals concluded the proper respondent in an immigration habeas case challenging the constitutionality of a petitioner's confinement is the warden of the facility where the petitioner is being held, not a supervisory official who has the authority to free the petitioner. *See also Doe v. Garland*, 109 F.4th 1188, 1192 (9th Cir. 2024); *Anariba v. Dir.*

2

*Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 444 (3rd Cir. 2021). Mr. Mendes Barbosa says he does not oppose the dismissal of these parties, as long as the dismissal is without prejudice so as to preserve his right to seek relief from them if necessary. The court concludes that dismissal without prejudice of the non-custodial respondents is appropriate. For the sake of clarity, the court refers to the responding party as "the Warden" from this point forward.

The Warden (through his federal counsel) repeats his arguments from *De Jesús Aguilar* and other recent cases that the court lacks jurisdiction over the petition and that Mr. Hernandez Vazquez's detention is authorized by § 1225(b)(2). These arguments were rejected in *Aguliar* and *Singh* (and other decisions). *See Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.); *see also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.). The court continues to be of the view that jurisdiction is secure insofar as this opinion goes, and that § 1225(b)(2) cannot reasonably be interpreted in the manner urged by the government.

Notably, the court of appeals recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to individuals who are arrested in the interior of the United States. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). Though preliminary, that opinion offers early echoes of what this court has done. The court also read the split decision in *Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026). This opinion, together with others, illustrates just how complicated this patchwork of statutes is, but the court remains persuaded in its current course under *Aguilar* and *Singh* until guidance comes from this circuit.

That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The court, as it always does, begins with the statute's plain language. It is permissive, not mandatory, and it affords an election (insofar as the limitations in § 1226(c) do not apply of course).

It seems no warrant was issued here. Mr. Mendes Barbosa is unaware of an arrest warrant. The respondents usually will tell the court when there has been a warrant, but here they do not argue there was one and they do not produce one.[1] Mr. Mendes Barbosa received a notice to appear in immigration court, but that differs from an administrative arrest warrant. *Compare* 8 C.F.R. § 236.1(b)(1) (describing arrest warrant as a "Form I-200, Warrant of Arrest"), *with* 8 U.S.C. § 1229(a) (describing contents of "notice to appear").

Warrantless arrests are permitted by statute only when certain conditions are met, such as when an ICE official personally witnesses a noncitizen attempting to enter the United States, or when an official has reason to believe a noncitizen has no right to be in the United States and is "likely to escape before a warrant can be obtained." 8 U.S.C.

---

[1] The respondents submit no immigration records pertaining to Mr. Mendes Barbosa with their response, only documentation related to the petitioner in *Aguilar*. Mr. Mendes Barbosa has the burden to show his entitlement to habeas relief, though the court may order a respondent, and occasionally does order a respondent in the world of habeas corpus, to produce necessary portions of the record to enable the court to understand facts and to rule on the petition's issues, without ever shifting that burden. *See, e.g., Martinez v. Hyde*, 792 F. Supp.3d 211, 223 (D. Mass. 2025).

§ 1357(a)(2). The Warden does not argue these preconditions exist here so as to authorize Mr. Mendes Barbosa's detention under a statutory provision other than § 1225(b)(2). It would be inappropriate for the court, as a neutral arbiter, to construct arguments for the parties. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (party presentation rule).

Mr. Mendes Barbosa has met his burden of showing a "deprivation of rights leading to unlawful detention." *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009). Without being dismissive of any worthy goals that might be achieved through the concerted enforcement of our immigration laws, both noncitizens and the government alike must comply with the laws as they exist, as written and as they must work within constitutional demands. Whether the government might secure a warrant and rearrest him at or after his release and thus proceed under § 1226(a), that has not occurred today. That leaves the court with only one option—Mr. Mendes Barbosa must be released, under the same terms as his release before, until his removal status changes or until the government pursues another option.[2]

For these reasons, the court:

---

[2] Because the court concludes that Mr. Mendes Barbosa's detention is unlawful under the applicable statutory scheme, the court does not reach his alternate argument under Fifth Amendment due process. *See K.C. v. Individual Members of Med. Licensing Bd. of Ind.*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds."). The court also finds it unnecessary to address his APA claim because the relief requested—immediate release—is being granted on other grounds. It also remains unclear whether a petitioner can assert an APA claim within a habeas petition. *See Richmond v. Scibana*, 387 F.3d 602, 606 (7th Cir. 2004) (recognizing legal distinction between habeas cases and civil actions brought under APA, which have different filing fees and exhaustion provisions); *Carrera-Valdez v. Perryman*, 211 F.3d 1046, 1048 (7th Cir. 2000) (noncitizen's claim that Attorney General violated APA during rulemaking process was not appropriate in § 2241 proceeding). It is unnecessary to resolve that thornier question today.

(1) DISMISSES WITHOUT PREJUDICE Attorney General of the United States Pamela Bondi; Secretary of the United States Department of Homeland Security Kristi Noem; Acting Director of United States Immigration and Customs Enforcement Todd Lyons; Director of United States Immigration and Customs Enforcement Boston Field Office David Wesling; and the United States Department of Homeland Security, and;

(2) GRANTS the petition for a writ of habeas corpus and ORDERS the Warden to release Robert Mendes Barbosa immediately from custody under the same terms of his previous release and to certify compliance with this order by filing a notice with the court by **February 19, 2026**;

(3) DIRECTS the clerk to email forthwith today a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure Robert Mendes Barbosa's release; and

(4) ORDERS that any fee petition should be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

SO ORDERED.

February 18, 2026                 *s/ Damon R. Leichty*  
                                                       Judge, United States District Court